# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9140 | **DATE** | 1/4/2012 |
| **CASE TITLE** | Richard Rosa (#B-56342) vs. John Doe I, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is stricken, with leave to renew. Plaintiff is granted thirty days in which either to file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. Plaintiff must also submit a proposed amended complaint (along with a judge's copy and service copies). Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order.

■ **[For further details see text below.]**          **Docketing to mail notices.**

## STATEMENT

Plaintiff, an Illinois state prisoner, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff claims that Defendants, two Chicago police officers, violated Plaintiff's constitutional rights by using unjustified force against him.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with federal statutes and the rules of this Court. Plaintiff's application to proceed *in forma pauperis* is not certified by a jail or prison official and does not include trust fund ledgers reflecting his income for the past six months. *See* 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis*, he must file a signed i.f.p. application on the Court's required form, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from June 23, 2011, through December 23, 2011]. A jail or prison official must complete and sign the part of the form captioned "Certificate" on the back of the i.f.p. application. In the alternative, Plaintiff may pay the full $350 statutory filing fee. Failure to complete the required form fully or to otherwise comply with this order will result in dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

**(CONTINUED)**

        mjm

| STATEMENT (continued) |
|---|

Plaintiff must also submit an amended complaint. Both officers are identified as "John Does." However, Plaintiff cannot obtain damages from Defendants unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing their names. To allow Plaintiff leave to proceed on the complaint as it now stands would therefore get him nowhere.

In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the Court, at the pleading stage, to make an inference of responsibility on the part of Defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wishes to pursue his claims, he should amend the complaint to add as Defendant a supervisory official or administrator who is in a position to identify the John Doe defendants, such as Chicago's Chief of Police.

Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on Defendants in interest and the supervisory defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, Plaintiff is directed to: (1) either file a renewed, properly completed application to proceed *in forma pauperis* or pay the filing fee; and (2) submit an amended complaint adding as a Defendant a supervisory official whom Plaintiff can serve and who can assist Plaintiff in identifying the John Doe defendants by name. Plaintiff must complete the amended complaint on the forms required by Local Rule 81.1 (N.D. Ill.) and provide the Clerk with the original and two copies. The Clerk will provide Plaintiff an amended civil rights complaint form and instructions along with a copy of this order. Failure to comply within thirty days will result in summary dismissal of this case.